.  IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIMOTHEO RIVERA, § | |
|     TDCJ-CID NO.855199, § | |
|         Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-06-2564 |
| DOUGLAS DRETKE, *et al.*, § | |
|         Defendants. § | |

## OPINION ON DISMISSAL

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights suit pursuant to 42 U.S.C. § 1983, alleging that defendants conspired to have him placed in administrative segregation on false charges. Plaintiff seeks order directing prison officials to release him from administrative segregation, to clear his records and prison files from false allegations, to restore his credits, and to make defendants Crippen and Howell pay court costs. (Docket Entries No.1, No.4). The Court will dismiss plaintiff's complaint for the reasons to follow.

I. BACKGROUND

Plaintiff claims that on October 5, 2005, he was placed in administrative segregation ("ad-seg") on the Ellis Unit of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") on false charges made up by Warden Jenicek, Major Howell, and Sergeant Crippen. (Docket Entries No.1, No.8). According to plaintiff, Sergeant Crippen circulated a report that plaintiff was an offensive offender, that he was in possession of weapons, and that he was a confirmed member of the Mexican Mafia, a prison gang. (*Id.*). The report was sent to the State Classification Committee ("SCC"). Warden Jenicek authorized plaintiff's confinement in ad-seg. (Docket Entry No.8).

On February 9, 2006, Paul Wilder of the SCC informed plaintiff at his classification hearing that he had been confined to ad-seg because of the report. Wilder reported that the decision to place plaintiff in ad-seg was made because of the allegation that he had possessed weapons but mostly

because he was a gang member. (*Id.*). When plaintiff asked for evidence of the possession charge and gang membership, Wilder told him they do not need any and wished him luck. (*Id.*). Plaintiff filed grievances complaining that Sergeant Crippin had filed a false report, which resulted in his confinement in ad-seg. (Docket Entry No.1).

Plaintiff claims that he has had only one disciplinary infraction in eight years of confinement and that the alleged weapons violation is fabricated. He further claims that he has been targeted for random searches for filing grievances and seeking assistance from LULAC. (Docket Entry No.8.).

Plaintiff maintains that defendants conspired to fabricate false charges against him and tampered with governmental documents and his prison file before the classification hearing. He complains that he has been the subject of racial discrimination because he is Hispanic, that he has been unable to accrue working credits, and that his life and the lives of his family members have been placed in danger. He further claims that he has suffered mentally, that he has been the subject of retaliation, harassment, and intimidation, and that the false entry will affect the duration of his sentence. (*Id.*).

II. STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that

includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

### III. DISCUSSION

To maintain a civil rights action under 42 U.S.C. § 1983, plaintiff must show that he has been deprived of a federally protected right by a person acting "under color of state law." 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48 (1988). "A plaintiff may not, however, plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought." *Arnaud v. Odom*, 870 F.2d 304, 307 (5th Cir. 1989).

#### A. Exhaustion of Administrative Remedies

Section 1997(e) of 42 United States Code, as amended by the Prison Litigation Reform Act, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

3

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e); *Booth v. Churner*, 532 U.S. 731 (2001) (exhaustion requirement applies to cases where inmate also seeks monetary damages). TDCJ-CID currently provides for a two-step grievance procedure for presenting administrative grievances. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired. *Id.* Plaintiff indicates that he did not file grievances complaining of Warden Jenicek's, Major Howell's, or Douglas Dretke's involvement in the claims set forth in the pending pleadings. (Docket Entry No.8). Therefore, plaintiff has failed to exhaust his administrative remedies with respect to his claims against these defendants.

Moreover, plaintiff did not exhaust his administrative remedies with respect to his conspiracy, discrimination, or extortion claims against Sergeant Crippen in the grievances that he filed. (Docket Entry No.1, page 17). Accordingly, these claims will be dismissed for failure to exhaust.

B. Improper Classification

Plaintiff's pleadings do not allege a protected liberty interest that was violated by his placement in administrative segregation due to classification as a gang member,[1] *see Pichardo v. Kinker,* 73 F.3d 612, 613 (5th Cir. 1996), by the failure of officials to remove information about his gang affiliation from his prison records, *see Velasquez v. Woods,* 329 F.3d 420, 421-22 (5th Cir. 2003), or by any possible delays in plaintiff being considered for release on parole or mandatory supervision. *See Malchi v. Thaler,* 211 F.3d 953, 957, 959 (5th Cir. 2000). Moreover, plaintiff has

---

[1] The protected liberty interests possessed by a prisoner are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor,* 515 U.S. 472, 472 (1995). Disciplining a prisoner by placing him in segregated confinement does not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest. *Id.*

failed to allege facts suggesting that the conditions of confinement in administrative segregation reflect deliberate indifference to his basic human needs. *See Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999). Accordingly, plaintiff's complaints about improper classification are without merit and will be dismissed as frivolous.

C. Retaliation

Plaintiff contends he has been retaliated against for filing grievances and for seeking assistance from LULAC. (Docket Entry No.8). "[A] prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). "An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." *Id.* at 1165. Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *See, e.g., Perry v. Sinderman,* 408 U.S. 593, 597 (1972).

Claims of retaliation by a prison official, however, must be "carefully scrutinize[d]." *Woods,* 60 F.3d at 1166. To establish a retaliation claim, an inmate must demonstrate that, but for the retaliatory motive, the incident complained of would not have occurred. *Id.* Mere conclusory allegations of retaliation by an inmate are insufficient, however, to maintain such a claim. *Id.* "The inmate must produce direct evidence of motivation or. . . allege a chronology of events from which retaliation may plausibly be inferred." *Id.*

In this case, plaintiff does not state who has retaliated against him nor has he alleged facts showing causation.[2] Accordingly, plaintiff's retaliation claim is conclusory and subject to dismissal.

---

[2] In his Step 2 grievance, plaintiff asks that Sgt. Crippen not retaliate against him for filing the grievance. (Docket Entry No.1, page 7). He does not allege that Crippen filed the false report in retaliation for plaintiff filing grievances or seeking outside legal assistance.

5

## CONCLUSION

Plaintiff has been given an opportunity to expound on the factual allegations of his complaint by way of questionnaire. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (reaffirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994) (same). Because he has failed to allege any cognizable claim for relief against defendants under § 1983, the complaint will dismissed with prejudice as frivolous pursuant to § 1915(e)(2)(B) and for failure to exhaust his administrative remedies. Accordingly, the Court ORDERS plaintiff's complaint DISMISSED with prejudice. All pending motions are DENIED.

The Clerk will provide a copy to plaintiff and a copy by facsimile transmission, regular mail, or e-mail to the TDCJ-ID Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, Texas 78711, Fax: 512-936-2159, and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Three Strikes Manager.

SIGNED at Houston, Texas on this 7th day of December, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE